WOLF, Judge.
The Department of Corrections (DOC) appeals from a final judgment awarding damages in a negligence action in favor of the appellee. The appellant raises three issues on appeal. As a result of our disposition, it is only necessary for us to address two issues: (1) Whether the trial court erred in determining that the law of Florida rather than the law of Alabama applies in determining whether DOC can be held hable as a result of criminal acts of escaped convicts, and (2) whether the trial court erred in determining that DOC owed a duty to appellee under the circumstances of this case.
This case is controlled by Department of Corrections v. McGhee, 653 So.2d 1091 (Fla. 1st DCA 1995). As in McGhee, we find that the trial court did not err in applying Florida law in determining whether the Florida Department of Corrections can be held hable as a result of alleged neghgence occurring in Florida; however, we find that no common law or statutory duty exists in favor of the appehee, and reverse the final judgment.
We certify the same question which has been certified in McGhee and in State of Florida Dep’t of Corrections v. Vann, 650 So.2d 658 (Fla. 1st DCA 1995), as being one of great pubhc importance:
WHETHER THE DEPARTMENT OF CORRECTIONS MAY BE HELD LIABLE AS A RESULT OF THE CRIMINAL ACTS OF AN ESCAPED PRISONER?
MINER, J., concurs.
ERVIN, J., concurs and dissents with written opinion.